UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:

JIM−MAR CONSULTANTS, INC.,

                    Debtor.

------------------------------------------------------x

Chapter 11

Case No.: 10-75120 (AST)

**SECOND CONSENSUAL ORDER AUTHORIZING THE DEBTOR'S USE
OF CASH COLLATERAL *NUNC PRO TUNC* FROM JULY 21, 2010, AND
CONFIRMING RESCHEDULED INTERIM HEARING ON DEBTOR'S
APPLICATION FOR AUTHORITY TO USE CASH COLLATERAL**

Upon the motion (the "Motion") of Jim-Mar Consultants, Inc., debtor and debtor in possession herein (the "Debtor"), for, *inter alia*, the entry of an interim order authorizing the Debtor to use cash collateral and grant adequate protection pursuant to Section 363(c)(2)(A) of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of Bankruptcy Procedure 4001 (the "Interim Order"); and the Court having entered an order scheduling an interim hearing to consider the Debtor's Motion for July 12, 2010 at 3:00 p.m. (the "Interim Hearing"); and prior to the Interim Hearing, limited approval of the relief sought in the Motion, with the consent of Millennium bcpbank, n.a., the Debtor's pre-petition secured lender (the "Lender") having been granted by the Court by the entry of a Consensual Order dated July 14, 2010 Authorizing the Debtor's Use of Cash Collateral *nunc pro tunc* from the Petition Date, and Rescheduling Interim Hearing on Debtor's Application for Authority to Use Cash Collateral (the "Consent Order"); and the Consent Order having rescheduled the Interim Hearing from July 12, 2010 to July 21, 2010 at 10:00 a.m.; and upon the appearances and representations of counsel for the Debtor and the Lender at the Interim Hearing; and the Court having rescheduled the Interim Hearing from July 21, 2010 at 10:00 a.m. to August 16 at 2:00 p.m. and it further appearing that pending the Interim Hearing on the Debtor's request for an Interim Order, limited approval of the

relief sought in the Motion, with the consent of the Lender, is still necessary to avoid immediate and irreparable harm to the Debtor, and it being otherwise fair and reasonable and in the best interests of the Debtor, its creditors, the bankruptcy estate and equity holders, and is essential for the continued operation of the Debtor's business; and after due deliberation and consideration, and for good and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED, that:**

1. <u>Use of Cash Collateral</u>. The Debtor is authorized on weekly basis, in accordance with this Order, the Pre-Petition Credit Agreement[1] and the budget(s) (the "<u>Budget(s)</u>") for the weeks beginning July 19, 2010 and July 26, 2010 annexed hereto as Exhibit "A", to use Cash Collateral[2] *nunc pro tunc* from July 21, 2010 at 10:00 a.m. through to July 30, 2010, for the sole purposes set forth as line item expenses in the Budgets, use of which under said Budgets shall not vary by more than ten (10%) percent per line item, provided that the Debtor shall be authorized to use Cash Collateral in accordance with the July 26 Budget if, by no later than July 26, 2010, the Debtor shall have provided to Lender a reconciliation report reflecting actual Cash Collateral use varying ten (10%) percent or less than projected in the July 19 Budget annexed hereto. Further, in the event the Debtor and the Lender agree on any subsequent use of Cash Collateral by the Debtor, the Debtor shall, with Lender's consent, hereby be authorized to file

---

[1] Prior to the date of the commencement of this Chapter 11 case, Lender made loans and advances and provided credit accommodations (the "<u>Loans</u>") to the Debtor pursuant to, (i) a Business Loan Agreement dated September 30, 2009, by and between Lender and the Debtor, as amended, supplemented, modified, extended, renewed, restated and/or replaced at any time prior to the Petition Date (the "<u>Pre-Petition Credit Agreement</u>"), and (ii) all other agreements, documents, and instruments executed and/or delivered with, to, or in favor of Lender, including, without limitation, the security agreements, notes, guarantees, mortgages, Uniform Commercial Code ("<u>UCC</u>") financing statements and all other related agreements, documents, and instruments executed and/or delivered in connection therewith or related thereto, which Loans matured and became due on the Petition Date.

[2] "<u>Cash Collateral</u>" is defined by Section 363(a) of the Bankruptcy Code, and includes post-petition proceeds, products, offspring, rents, or profits of property subject to a security interest as provided in Section 522(b) and as the term "proceeds" is described in UCC Section 9-102.

subsequent Budgets with the Court projecting proposed use of said Cash Collateral for any agreed upon period of time, through to the Interim Hearing, without further order of the Court.

2. <u>Adequate Protection</u>. As adequate protection for the use of Cash Collateral, Lender is granted, *nunc pro tunc* from July 21, 2010 at 10:00 a.m.:

    a. <u>Replacement Lien and Cash Payments</u>. A replacement perfected security interest under Sections 361(1) and 361(2) of the Bankruptcy Code to the extent Lender's respective Cash Collateral is used by the Debtor, to the extent and with the same priority in the Debtor's post-petition assets, and proceeds thereof, that Lender held in the Pre-Petition Collateral.

    b. <u>Statutory Rights Under Section 507(b)</u>. Subject to the provisions of Section 507(b) of the Bankruptcy Code, to the extent the adequate protection provided for hereby proves insufficient to protect Lender's interests in and to the Cash Collateral, Lender shall have a superpriority administrative expense claim senior to any and all claims against the Debtor under Section 507(a) of the Bankruptcy Code, whether in this proceeding or in any superseding proceeding. Notwithstanding anything to the contrary in the preceding sentence, this subsection (b) does not grant the Lender any greater or lesser rights than otherwise allowed under section 507(b) of the Bankruptcy Code.

    c. <u>Deemed Perfected</u>. The replacement liens and security interests granted herein are automatically deemed perfected upon entry of this Order without the necessity of Lender taking possession, filing financing statements, mortgages or other documents. Although not required, upon request by Lender, the Debtor shall execute and deliver to Lender any and all UCC Financing Statements, UCC Continuation Statements, Certificates of Title or other instruments or documents considered by Lender to be

necessary in order to perfect the security interests and liens in the Debtor's post-petition collateral and proceeds granted by this Interim Order, and Lender is authorized to receive, file and record the foregoing at Lender's own expense, which actions shall not be deemed a violation of the automatic stay.

Continued Interim Hearing. The Interim Hearing to consider entry of an Interim Order is rescheduled from July 21, 2010 at 10:00 a.m. to **August 16, 2010 at 2:00 p.m.** before this Court at 271 Cadman Plaza East Brooklyn, New York 11201. On or before **August 2, 2010**, the Debtor shall promptly mail copies of this Second Consent Order, by United States mail, first-class postage prepaid to the parties having been given notice of the Motion. The Debtor shall immediately file with the Clerk a certificate of service of said mailing. Any party in interest objecting to the relief sought at the Hearing shall serve and file written objections, which objections shall be served upon: (i) counsel for the Debtors, Backenroth Frankel & Krinsky, LLP, 489 Fifth Avenue, New York, NY 10017, Attn: Mark Frankel, Esq., abackenroth@bfklaw.com and mfrankel@bfklaw.com; (ii) counsel for Lender, Platzer, Swergold, Karlin, Levine, Goldberg & Jaslow, LLP, 1065 Avenue of The Americas, 18th Fl., New York, NY 10018, Attn: Henry G. Swergold, Esq., hswergold@platzerlaw.com and amuller@platzerlaw.com; (iii) the Office of the United States Trustee, and (iv) counsel for the Committee, if any, and shall file with the Clerk of the Court, in each case, to allow actual receipt of the foregoing no later than 5:00 p.m. Eastern time on the last business day prior to the Interim Hearing as rescheduled by this Second Consent Order.

1. <u>No Prejudice to Lender</u>. Nothing contained in this Second Consent Order shall be considered a waiver or otherwise limit Lender's right to object to the relief requested in the Debtor's Motion, either on an interim, or final, basis.



**Dated: July 29, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**

# EXHIBIT "A"

# BUDGET