UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re                                                    Chapter 11

JIM-MAR CONSULTANTS INC.                                  Case No. 10-75120-ast

                        Debtor.
------------------------------------------------------------x

## ORDER ESTABLISHING DEADLINE FOR FILING PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE THEREOF

Upon the application of the Debtor and Debtor in Possession for an order,

pursuant to Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 3003(c)(3), fixing a

deadline and establishing procedures for filing proofs of claim and approving the form and

manner of service thereof, and it appearing that the relief requested is in the best interests of the

Debtor, its estate, and creditors and that adequate notice has been given and that no further

notice is necessary; and after due deliberation and good and sufficient cause appearing therefor,

it is hereby

ORDERED, that except as otherwise provided herein, all persons and entities,

(including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and

governmental units) that assert a claim, as defined in section 101(5) of 11 U.S.C. §§ 101 et seq.

(the "Bankruptcy Code"), against the Debtor which arose prior to the filing of the Chapter 11

petition on June 30, 2010, shall file a proof of such claim in writing so that it is received on or

before **October 29, 2010**, (the "Bar Date"); and it is further

ORDERED, that notwithstanding any other provision hereof, proofs of claim

filed by governmental units must be filed on or before December 27, 2010 (the date that

is 180 days after the date of the order for relief); and it is further

ORDERED, that the following procedures for the filing of proofs of claim shall apply:

(a)     Proofs of claim shall conform substantially to Official Bankruptcy Form No. 10;

(b)     Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) shall file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system shall file their proofs of claim by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Eastern District of New York, Long Island Federal Courthouse, Federal Plaza, Central Islip, NY 11722 ;

(c)     Proofs of claim shall be deemed timely filed only when received by the Clerk of the Court on or before the Bar Date;

(d)     Proofs of claim shall (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency; and it is further

ORDERED, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

(a)     Any person or entity that has already filed a proof of claim against the Debtor in this case with the Clerk of the Bankruptcy Court for the Eastern District of New York in a form substantially similar to Official Bankruptcy Form No. 10;

(b)     Any person or entity whose claim is listed on the Schedules of Assets and Liabilities filed by the Debtor (collectively, the "Schedules"), if (i) the claim is not scheduled as "disputed,"

"contingent" or "unliquidated"; and (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules;

(c)     Any holder of a claim that has already been allowed in this case by order of the Court;

(d)     Any holder of a claim for which a different deadline for filing a proof of claim in this case has already been fixed by this Court; or

(e)     Any holder of a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate; and it is further

ORDERED, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the later of the Bar Date or the date that is 30 days after the date of the order authorizing such rejection, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a proof of claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

ORDERED, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such interests, but if any such holder has a claim against the Debtor (including a claim relating to an equity interest or the purchase or sale of the equity interest), a proof of claim shall be filed on or prior to the Bar Date; and it is further

ORDERED, that if the Debtor amends or supplements the Schedules after the date of this Order, the Debtor shall give notice of any amendment or supplement to the holders of

claims amended thereby, and holders of such claims shall have 30 days from the date of service of the notice to file proofs of claim and shall be given notice of that deadline; and it is further

ORDERED, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim listed in the Schedules; and it is further

ORDERED, that pursuant to Bankruptcy Rule 3003(c)(2), a holder of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to that claim for purposes of voting and distribution; and it is further

ORDERED, that notice of the Bar Date substantially in the form annexed hereto is approved and shall be deemed adequate and sufficient if served by first-class mail by **August 27, 2010**, upon:

(a)     the United States trustee;

(b)     counsel to each official committee;

(c)     all persons or entities that have requested notice of the proceedings in this case;

(d)     all persons or entities that have filed claims in this case;

(e)     all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

(f)     all parties to executory contracts and unexpired leases of the Debtor;

(g)     all parties to litigation with the Debtor; and

(h)     the Internal Revenue Service for the district in which the case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and it is further

ORDERED, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

ORDERED, that entry of this Order is without prejudice to the right of the Debtor to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

**Dated: August 18, 2010**
**Central Islip, New York**

_____
**Alan S. Trust**
**United States Bankruptcy Judge**